# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BUTAN VALLEY, N.V., | § | **CIVIL ACTION NO. H-12-3718** |
| Debtor/Appellant. | § | Bankruptcy Case No. 07-36856 |

## MEMORANDUM AND ORDER

On December 23, 2012, Osama Alkasabi and Debtor Butan Valley, N.V. filed a Notice of Appeal from the Final Decree entered in Bankruptcy Case No. 07-36856, on December 13, 2012, "and its related Adversary Proceedings No. 09-1166 and No. 09-3291." *See* Notice of Appeal [Doc. # 1]. Appellee Lowell T. Cage, Chapter 7 Trustee, filed a Motion to Dismiss Appeal [Doc. # 8], to which Appellants filed an Opposition [Doc. # 10]. Having reviewed the record and applicable legal authorities, the Court **grants** the Motion to Dismiss as to Adversary Proceeding 09-3291 and Civil Action No. 09-1166. The Court **affirms** the Bankruptcy Court's December 13, 2012 Order.

With reference to Adversary Proceeding No. 09-3291, the Order Closing Adversary Proceeding [Doc. # 60 in Adversary 09-3291] was entered July 22, 2011. Appellants' Notice of Appeal was filed December 26, 2012, well beyond the fourteen-day time limit set forth in Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. As a result, the appeal is dismissed as untimely.

With reference to "Adversary Proceeding No. 09-1166," the referenced case number is a civil action in which Appellants filed a Notice of Appeal from several bankruptcy court orders entered in underlying Bankruptcy Case No. 07-36856. On August 4, 2009, the Court issued its Memorandum and Order [Doc. # 22] and Dismissal Order [Doc. # 23] dismissing the appeal as moot. Appellants filed a Notice of Appeal [Doc. # 26] from this Court's ruling, and the Fifth Circuit granted Appellee's Motion to Dismiss the Appeal on March 30, 2010. *See* Per Curiam Decision [Doc. # 35 in Civil Action No. 09-1166]. As noted, this Court years ago dismissed Civil Action 09-1166 as moot, and that dismissal is final and non-appealable. As a result, Appellants may not raise in this case any aspect of the bankruptcy court orders at issue in Civil Action 09-1166, and Appellee's Motion to Dismiss as to Civil Action No. 09-1166 is granted.

As to the "Final Decree of the Bankruptcy Court, entered in [the] Bankruptcy Case No. 07-36856 on December 13, 2012," the order is a one-page "Order Closing Case." The Order [Doc. # 373 in Bankruptcy Case 07-36856] states that the estate has been fully administered, the trustee is discharged, the Trustee's bond is cancelled, and the bankruptcy case is closed. In an appeal from an order closing a bankruptcy case, the only issue is whether the bankruptcy estate has been "fully administered." *See In re Union Home and Indus., Inc.*, 375 B.R. 912, 916 (10th Cir. B.A.P. 2007); 11 U.S.C.

§ 350(a) ("After an estate is fully administered and the court has discharged the trustee, the court shall close the case."). The bankruptcy court's decision is reviewed under an "abuse of discretion" standard. *See id.* A bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on findings of fact that are clearly erroneous. *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012). Appellants have not identified any improper legal standard or clearly erroneous findings of fact in connection with the Bankruptcy Court's decision that the estate had been fully administered and that the bankruptcy case should be closed. As a result, the Court affirms the Bankruptcy Court's Order Closing Case entered December 13, 2012.

Based on the foregoing, the Court concludes that the appeal from the July 22, 2011 Order Closing Adversary Proceeding is untimely. Appellants filed an appeal from certain bankruptcy court orders entered in Bankruptcy Case No. 07-36856, which was docketed as Civil Action No. 09-1166 and was dismissed as moot by this Court in August 2009. The appeal to the Fifth Circuit was dismissed in April 2010. Appellants have failed to demonstrate that the Bankruptcy Court's Order Closing Case, entered in Bankruptcy Case No. 07-36856 on December 13, 2012, was an abuse of discretion. Accordingly, it is hereby

**ORDERED** that the Trustee's Motion to Dismiss [Doc. # 8] is **GRANTED** as to the appeal from Adversary Proceeding 09-3291 and Civil Action No. 09-1166.  It is further

**ORDERED** that the Bankruptcy Court Order Closing Case entered December 13, 2012, is **AFFIRMED**.  This bankruptcy appeal is **DISMISSED**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas this **9th** day of **May, 2013**.

_____
Nancy F. Atlas
United States District Judge